UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK BENITEZ-GARRIDO,

      Petitioner,

    v.                               Case No.:  2:26-cv-01257-SPC-NPM

D.H.S./I.C.E. *et al*,

      Respondents,

                                 /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Frank Benitez-Garrido's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).

Benitez-Garrido is a native of Cuba who entered the United States on September 15, 1980. He was convicted of burglary and unlawful possession of a weapon in 1984, aggravated sexual assault, sexual assault, and endangering the welfare of a child in 1986, and possession of cocaine in 1990. An immigration judge ordered Benitez-Garrido removed on July 3, 2006. Immigration and Customs Enforcement ("ICE") released him under an order of supervision on August 30, 2006. ICE detained him again in 2018 to enforce the removal order, but removal attempts were unsuccessful, and ICE released Benitez-Garrido under another order of supervision.

On October 26, 2025, ICE arrested Benitez-Garrido and has since detained him at several facilities, mostly at Alligator Alcatraz. Benitez-

Garrido argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

Benitez-Garrido filed a prior habeas petition in the Southern District of Miami. It was transferred to the Southern District of Texas, where is technically pending as *Benitez Garrido v. Warden, Krome North Processing Center*, No. 1:26-cv-307. But the case has seen no activity since March 26, 2026, when an order the court mailed to Benitez-Garrido was returned as undeliverable. Benitez-Garrido was only detained in Texas for a few days, and it does not appear he can realistically pursue habeas relief in the Texas case. Thus, the Court will consider the petition Benitez-Garrido filed here.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."

*Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Benitez-Garrido carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  The government was unable to remove him in 2006 and 2018, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation.  The burden shifts to the government, but it makes no attempt at rebuttal.  The Court finds no significant likelihood Benitez-Garrido will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention.  "The second

justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Benitez-Garrido's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Frank Benitez-Garrido's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Benitez-Garrido poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts. If ICE determines continued detention is appropriate, the respondents must explain why.

3. Benitez-Garrido may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record